# King v. The State.

*Prosecution for Assault with a Pistol.*

1. *Remarks of counsel.*—When the remarks· of counsel to the jury are thought to be out of place and prejudicial to the opposite party the court should be moved to exclude them; it is not sufficient, in order to have the matter passed on by the Appellate Court, to merely object to the remarks without invoking action on the part of the court; the trial court should be moved to exclude the remarks.

2. *Witness—inspection of person by jury.*—Where on a trial for an assault with a pistol the person alleged to have been assaulted is examined as a witness for the State and testifies that the defendant shot him through the arm. and the defendant on cross-examination of the witness, requests the court to require the witness to exhibit his arm to the jury, it is error for the court to refuse the request.

APPEAL from the county court of Madison.
TRIED before the Hon. THOMAS J. TAYLOR.

EDWARD L. CONLEY, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

HEAD, J.—Most of the exceptions reserved, both as to the evidence and instructions, are so manifestly without merit, we will not take the time to point out their infirmities. It would serve no useful purpose to do so.

When remarks of counsel, in addressing the jury are thought to be out of place and prejudicial to the opposite party, the court should be moved to exclude them. It is not sufficient, in order to have the matter passed upon by this court, to merely express objection to the remarks without invoking action on the part of the court. We review the rulings of the court only. In the present case, the court, when asked to do so, excluded what the solicitor had said. That was all it could do and it left nothing to be assigned as error here.

The person alleged to have been assaulted was examined as a witness for the State, and he testified that the defendant shot him on the arm. The defendant, in cross examination, as the bill of exceptions recites, "offered to exhibit the arm of the witness to the jury, and the State objected, the court sustained the objection and the defendant except-

[Hall v. The State.]

ed." We think the court erred in this ruling. No question was raised by the witness, court or counsel as to the delicacy of the proposed exhibition of the witness' arm. Indeed, no such question was involved. The arm could have been laid bare, and the wound or scar, if any there was thereon, shown to the jury, without offense to the modesty or delicacy of feeling of the witness, of the court or the persons present in the court room. The condition of the arm, in view of the testimony that a pistol shot wound had been inflicted thereon, and the conflicting testimony as to the direction from which the shot was fired, might have afforded the jury valuable aid in determining vital questions under consideration. It has often been ruled that a plaintiff, suing for personal injuries will be required to exhibit the injured parts to the jury, if it appears necessary to the ends of justice, and does not involve an indecent exposure of the person. 1 Thomp. on Trials. § 858. For greater reason, it would seem, should a witness in a criminal cause be required, in such a case, to furnish evidence of that kind. *Williams v. The State*, 98 Ala. 52.

There is no merit in any of the other exceptions. For the error mentioned the judgment of the county court is reversed and the cause remanded. Let the prisoner remain in custody until discharged by due course of law.