# Nuckols v. The State.

### *Indictment for Gaming.*

1. *Gaming; relevancy of evidence on inquiry whether the house where the game was played was a public house under the statute.*—On a trial under an indictment for gaming, a witness for the state having testified without objection on the part of the defendant that the latter and others named played cards, etc., at his house, without his consent and against his objection, several times within the period laid in the indictment, it was error to allow the witness, against the objection of the defendant to state that he (the witness) was at that time "an object of charity, and lived on what his little girl could obtain by begging from the white folks, and that he was then flat of his back on the floor, that he had had his leg frozen, and that his pants were stuck to his legs"—this evidence not being pertinent to the inquiry whether the house was a public one under the statute.

2. *Election; when prosecutor will be compelled to make.*—On the trial of an indictment for gaming, witnesses for the State having testified

[Nuckols v. The State.]

that defendant at various times, within the time laid in the indictment,
played at games of cards at witnesses' house, and bet on said games,
it was error to deny a motion of the defendant to require the solicitor
to elect which of the several acts of gaming deposed to by the wit-
nesses he would prosecute for.

3. *Charge of Court; how presented for review on appeal.*—The in-
dorsement "Given" or "Refused," with the signature of the trial
judge, on charges requested, does not make them a part of the record
for the appellate court. They can be presented for review on appeal
only by incorporation in the bill of exceptions.

4. *Remarks of counsel; review on appeal.*—Where the bill of excep-
tions shows merely that the party objected and excepted to remarks
of opposing counsel, nothing is presented for review on appeal. The
objection is properly addressed to the presiding judge, and, if a
review of his ruling is desired, an exception should be reserved, not
to the remarks, but to the action of the court on the objection.

APPEAL from the Circuit Court of Madison.
Tried before the HON. H. C. SPEAKE.

SHELBY & PLEASANTS, and GRAYSON & FOSTER, for
appellant.

WM. C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—The issue in this case was whether
the defendant, within a year before indictment, played
at a game with cards or dice, or some device or substi-
tute for cards or dice, at a place within the statute, and
bet or hazarded money or bank notes, or other thing of
value, at said game. If the house of the witness Dock
Salling was such a place, it was wholly irrelevant to this
issue whether the defendant and others played there at
his, Salling's, invitation, or against his objection and
protest. This witness having testified without objec-
tion on the part of defendant that the latter and others
named played cards, *etc.*, without his consent and against
his objection, several times during the late winter and
early spring of 1895, the court, against defendant's ob-
jection, allowed the State to further show, for the pur-
pose, we suppose, of lending probability to his irrelevent
testimony as to the playing being against his objection,
that he, the witness, was at that time "an object of
charity, and lived on what his little girl could obtain by
begging of the white folks, and that he was then flat of

his back on the floor, that he had had his leg frozen, and that his pants were stuck to his legs." This evidence was not, in our opinion, pertinent to the inquiry whether the house was a public one under the statute, and was improperly admitted.

The two witnesses for the State testified as to the playing and betting at cards, *etc.*, charged in the indictment, that "they saw the defendant play at a game of cards at their house in Huntsville, Alabama, and that Henry Smith, Ed. Smith, the defendant, &c., &c., were present, that the defendant bet money on said game, and that the defendant and said other parties played at witnesses' said house at various times between the 25th of February and the last of March, 1895, and bet on said game." Upon this the defendant, both at the close of the State's testimony, and when all the evidence was in, moved the court to require the solicitor to elect which of the several acts of gaming deposed to by the witnesses he would prosecute for. The court erred in denying this motion.—*Smith v. State*, 52 Ala. 384; *Peucher v. State*, 61 Ala. 22; *Sullivan v. State*, 68 Ala. 525; *Black v. State*, 83 Ala. 81.

A great many charges were refused to the defendant, but they are not incorporated in the bill of exceptions, and the action of the court in refusing them cannot be reviewed by this conrt. It is quite an error to suppose, as seems to have been the case here, that the indorsement "given" or "refused," with signature of the trial judge, on charges requested, makes them a part of the record for this court. They can be presented here only by incorporation in the bill of exceptions.

Probably all of the remarks and statements of the solicitor which are set out in the bill of exceptions were improper, and should not have been made. But it is not within the province of an appellate court to revise the conduct of counsel in the court below; it is the action of the trial court in respect of such conduct, upon seasonable and proper invocation, that is to be reviewed. In nearly all the instances in which the propriety of solicitor's remarks was attempted to be challenged by the defendant, the bill of exceptions shows merely that the defendant objected and excepted to remarks of the solicitor. This presents nothing for our consideration. The objection should have been addressed to the presiding

[Newell v. The State.]

judge, and, if his action upon it was not satisfactory, an exception should have been reserved, not to the remarks, but to that action of the court.—*King v. State*, 100 Ala. 85. In the one or two instances in which the action of the court was invoked and had upon objectionable remarks of the solicitor, the ruling was in line with the objection, though it might well have been more positive.

The question as to the assessment of the fine by the court, instead of the jury, need not arise on another trial.

Reversed and remanded.