# Alabama Construction Co. *v.* Wagnon Bros.

## *Action of Assumpsit.*

1. *Admissibility in evidence of an account book.*—Where in an action of assumpsit for work and labor done, the plaintiff as a witness testifies that he made certain entries in an account book of the work done for which the recovery is sought, and that they were correct, the pages of said account book containing such entries are admissible in evi-

[Alabama Construction Co. v. Wagnon Bros.]

dence, and are not subject to the objection that it was not made to appear by the witness who made the entries, that he knew them to be correct at the time he made them.

2. *Charges of court to jury; how ruling thereon should be presented on appeal.*—Under the provisions of the statute which require that instructions to the jury requested by either party to a suit, should be in writing, and that the judge should write "Given" or "Refused" as the case may be on said charges and sign his name thereto, (Code, § 3328), when it does not appear from the charges set out in the bill of exceptions that they were given or refused, or that the judge wrote "Given" or "Refused" upon them and signed his name thereto, the rulings of the court up said charges will not be authorized on appeal; and this is true, although in another part of the record it is shown that such charges were refused and so marked in the manner required by the statute.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. JOHN PELHAM.

This was an action of assumpsit upon the common counts, brought by the appellees, Wagnon Bros., against the appellant, the Alabama Construction Company, and sought to recover for work and labor done by the complainants for the defendant.

The plaintiffs offered evidence tending to show an indebtedness from the defendant to the plaintiffs for work performed by the plaintiffs as sub-contractors in the construction of a railroad. During the examination of one of the plaintiffs as a witness, he designated certain pages of a book kept by him for the plaintiffs which showed an account kept by the plaintiffs during their work, which said plaintiff, as a witness, stated "was correct and made by him at the time." The defendant objected to the introduction of these pages of the book showing said accounts, upon the ground that they were irrelevant, illegal and immaterial, and was not an account kept against the defendant. and that it is not made to appear that the witness knew the entries were correct when he made them. The court overruled the objection, and to this ruling the defendant duly excepted. Under the opinion on the present appeal it is unnecessary to set out the charges

[Alabama Construction Co. v. Wagnon Bros.]

which the defendant requested the court to give.

There were verdict and judgment for the plaintiffs. From this judgment the defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

BLACKWELL & AGEE, for appellant.—The pages of the account book offered in evidence by the plaintiff should not have been allowed to be introduced. The witness stated that he made such entries at the time and that they were correct. He did not testify that he knew the entries to be true at the time that he made them.—*Bollings v. Fannin*, 97 Ala. 621; *Acklen v. Hickman*, 63 Ala. 498; *Hart v. Kendall*, 82 Ala. 146; *Kling v. Tunstall*, 109 Ala. 298.

T. C. SENSABAUGH and N. F. MAGLUE, *contra.*—The ruling of the court in refusing the charges requested by the defendant can not be reviewed on the present appeal.—*Donnelly v. State*, 130 Ala. 134; *Barnwell v. Murrell*, 108 Ala. 371; *Nuckols v. State*, 109 Ala. 4; *H. A. & B. R. R. Co. v. South*, 112 Ala. 647.

TYSON, J.—The point urged against the admission of certain entries on the pages of an account book offered in evidence by plaintiffs and admitted against the objection of defendant is, that it was not made to appear by the witness who made the entries, that he knew them to be correct at the time he made them. This, we think, is wholly untenable. The witness testified that he made the entries at the time upon the book himself and that they were correct. Furthermore, his testimony shows that he had personal knowledge of the matters making up the account, at the time the service was rendered, and at the time the entries were made.

The other assignments of error complain of the refusal of certain written charges requested by defendant. These charges appear in the bill of exceptions, but it does not there appear whether they were given

[Hamaker *et al.* v. Bynum.]

or refused. Section 3328 of the Code requires instruc-
tions to a jury requested by either party to be in writ-
ing and declares that they must be given or refused
in the terms in which they are written; and that "it is
the duty of the judge to write 'Given' or 'Refused,' as
the case may be, on the document and sign his name
thereto," etc.—*Barncwall v. Murrell,* 108 Ala. 370. It
is true that in another part of the record, they are
shown to have been *'Refused"* in the manner required
by the statute, but this can avail nothing since they
can be presented here only by being incorporated in
the bill of exceptions (*Nuckols v. The State,* 109 Ala.
2), and, of course, their refusal must be shown in that
way. We cannot presume their refusal as it is essen-
tial that the bill of exceptions affirmatively show that
fact.

Affirmed.