# Lunsford *v.* Bailey & Howard.

## *Action of Assumpsit.*

1. *Action of assumpsit; sufficiency of complaint.*—In an action by real estate agents to recover commissions, a count of the complaint which claims a specific sum for the breach of an agreement entered into by the defendant, in which the defendant agreed if the plaintiffs "would procure a customer for her for a certain piece of property at the price of $3,500, that she would pay them a reasonable commission for their services," and then avers that plaintiffs had complied with all the provisions of said agreement, but that the defendant has failed to pay the plaintiffs any sum for such services, states a cause of action, and is not subject to demurrer, upon the ground that it is not alleged in said count that the customer procured for the property mentioned in the complaint was ready, able and willing to pay for the property the sum fixed.

2. *Trial and its incidents; refusal to give charge when not reviewed.*—Where the only recital in a bill of exceptions relative to the refusal of the court to give a charge requested, is "The defendant, in writing, requested the general charge for the defendant, but the court refused to give the same, to which action of the court refusing to give the general charge in favor of the defendant, he duly excepted," and the charge referred to is not set forth in the bill of exxceptions, the Supreme Court will not review the rulings of the trial court in refusing said charge.

APPEAL from the Circuit Court of Birmingham.

Tried before the Hon. CHARLES A. SENN.

This action was brought by the appellees, Bailey &

Howard, real estate agents, against the appellant, Mrs. Susan Lunsford, to recover commissions for procuring a purchaser for property owned by the defendant. The complaint contains four counts. The first three counts were common counts. The fourth count was in words and figures as follows: "Plaintiffs claim of defendant the further sum of five hundred dollars damages, with interest thereon, for the breach of an agreement entered into by her during the month of July, 1902, in substance as follows: Defendants agreed that if plaintiffs, who were real estate agents in the city of Birmingham, Alabama, would procure a customer for her for a certain piece of property at the price of three thousand five hundred dollars that she would pay them a reasonable commission for their services, and the plaintfiffs say, that although they have complied with all the provisions of said agreement on their part, the defendant has failed to comply with the following provisions thereof, viz: She has failed to pay plaintiffs any sum for their services." To the fourth count the defendant demurred upon the following grounds: That it is not alleged in said count that the customer procured for the property mentioned in the complaint was ready, able and willing to pay for the property referred to, the sum of three thousand and five hundred dollars." This demurrer was overruled.

The other ruling of the trial court which is reviewed on the present appeal is sufficiently shown in the opinion.

A. LATADY, for appellant. cited.—*Sayre v. Wilson*, 86 Ala. 151; *Cook v. Forst*, 116 Ala. 395; *Henderson v. Vincent*, 84 Ala. 100; *Cook v. Forst*, 116 Ala. 395.

BOWMAN, HARSH & BEDDOW, *contra*.

TYSON, J.—The fourth count of the complaint did not aver an undertaking on the part of the plaintiff "to sell" defendant's property as was done in the case of *Sayre v. Wilson*, (86 Ala. 151), but simply "to procure

a customer for her for the property at the price of three thousand five hundred dollars," which it is alleged they did. That case, therefore, is not authority for the contention here made, that the count under consideration should allege that the customer procured by plaintiff was ready, able and willing to pay for the property. It was entirely competent for the parties to contract for plaintiffs to procure for defendant a customer for her property, and if they did so, as it is alleged they did, we can see no possible objection to the complaint on the ground urged. The demurrer was properly overruled.

The remaining exception is based upon the refusal by the court to give what is termed in the record as "the general charge" requested by defendant. The language of that charge is not copied in the bill of exceptions. All that is recited in the bill of exceptions relating to it is in these words: "The defendant in writing requested the general charge for the defendant, but the court refused to give the same, to which action of the court refusing to give the general charge in favor of the defendant, the defendant duly excepted." We cannot review the rulings of the trial court in refusing the charge.—*Dannelly v. State,* 130 Ala. 134.

It is true in another part of the record there appears the general affirmative charge with hypothesis, along with other refused charges, but it cannot be looked to in this connection.—*Alabama Construction Co. v. Wagnon,* 137 Ala. 388; *Nuckols v. State,* 109 Ala. 2.

Affirmed.

McClellan, C. J., Simpson and Anderson, J. J., concurring.