# Milner Coal and Railroad Co. *v.* Wiggins.

## *Action for Damages for False Imprisonment.*

1. *Appeal; charges, and rulings of lower court thereon must be shown by bill of exceptions.*—The charges and rulings thereon by the lower court will not be considered on appeal, where they are not shown by the bill of exceptions.

2. *Motion for new trial and ruling thereon must be shown by bill of exceptions.*—Where neither a motion for a new trial, or the action of the court thereon, is shown by the bill of exceptions, the action of the lower court will not be reviewed on appeal.

APPEAL from the Birmingham City Court.
Tried before the Hon. W. M. WILKERSON.

No statement of the facts is deemed necessary.

RUDULPH & HUDDLESTON, for appellant.

BOWMAN, HARSH & BEDDOW, *contra.*

McCLELLAN, C. J.—One assignment of error is in the following words: "The court erred in giving each of the charges in writing requested by plaintiff and given by the court, and each of said charges are herewith assigned separately as error." Another is this: "The court erred in refusing each of the charges in writing requested by the defendant and refused by the court, and herewith assigns separately the refusal of each of said charges." Without considering whether these assignments of error would be sufficient to present the rulings of the court on these requests for instructions for review, if these rulings were shown by the bill of exceptions, it will be sufficient to say, in disposing of this

part of the case, that none of these charges, nor any ruling upon them, is shown by the bill of exceptions. The charges are all copied in this record; but not in, or as a part of, the bill of exceptions, and we, therefore, cannot review the court's rulings upon them.—*Nuckols v. State,* 109 Ala. 2; *Southern Ry. Co. v. Jones,* 132 Ala. 437, 442-3.

So, too, in respect of defendant's motion for a new trial: neither the motion nor the court's action upon it is shown by the bill of exceptions; and we therefore cannot review that action.

The exceptions reserved on the trial to rulings of the court on the admissibility of evidence, are not insisted upon in the brief for appellant. Moreover, they seem to be without merit.

Affirmed.

Tyson, Simpson and Anderson, J.J., concurring.