# North Birmingham Lumber Co. *v.* Sims & White.

## *Assumpsit.*

(Decided Dec. 17, 1908. 48 South. 84.)

1. *Corporation; Corporate Names; Effect of Change.*—The change in the name of the corporation does not affect its identity or its rights, or lessen or add to its obligations, any more than does the change of name of a natural person.

2. *Parties; Amendment; Change of Name.*—Where a contract is entered into by a corporation under its original name and suit is commenced on the contract against the corporation under its original name, but the name has been changed since the making of the contract and before the bringing of the suit, it is proper to allow an amendment to the summons and complaint charging the corporation by its then designation.

3. *Evidence; Documentary Evidence; Judicial Records.*—Where the defendant specifically waives the objection that the record of the probate court offered in evidence was not a certified copy, it was not error to admit the record since the original record is competent evidence. Sections 1816 and 1819, Code 1896.)

4. *Same; Books of Account.*—Where it was not shown that the person making the entry in a book was dead, insane or beyond the jurisdiction of the court, and it appeared that the defendant was receiving lumber from other parties than the plaintiff, and it did not appear that the person who was alleged to have made the entries in the book knew where the lumber entered came from, such book was not competent evidence.

5. *Appeal and Error; Instructions; Necessities for Bill of Exceptions to Show Same.*—Charges must be set out in the bill of exceptions to be reviewed; they will not be considered although they appear of record otherwise than in the bill of exceptions.

6. *Same; Harmless Error; Instructions.*—A charge asserting that the court does not intimate what the contract was, but instructs that, whatever it was, both parties are bound by it, and either one violating it is liable for the violation, if any, if error, is harmless.

7. *Same.*—A charge asserting that if the jury believe that the agreement is not absolute to furnish such lumber as the defendant should order absolutely, but only if they could or had the lumber, then the contract would prevail, and there would be no obligation to furnish it unless they could or had the lumber.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Sims & White against the North Birmingham Lumber Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The bill of exceptions shows that defendant offered a small book called the "check book," which was used by a colored man named Jack, who superintended the unloading of lumber, but who was not shown to have known where the lumber came from, and who had the lumber piled up in defendant's yard. It was further shown that the book was of original entry by said Jack, made in the usual course of business, in checking lumber received by the defendant, when it was unloaded from the cars and placed on the yard, and that the negro named Jack made the entries in the book. The book purported to show the amount of culls received from the plaintiff, and with this book defendant's inspector inspected the lumber on the yard. Evidence was then offered to show that the man that made the entries in the book was not in the employment of the defendant at the time of the trial, and had not been for several months prior thereto; that when last seen he was in North Birmingham, and the defendant has no knowledge of the whereabouts of Jack, and did not know whether he was in the state or dead.

On page 9 of the transcript four charges are set out as plaintiff's given charges; but this part of the transcript is no part of the bill of exceptions. On page 27 of the transcript, which is a part of the bill of exceptions, the following charges appear: "(1) The court does not

intimate to the jury what the contract was, but instructs them that, whatever it was, both parties were bound by it, and either one violating it was liable for the violation, if any. (2) If the jury believe from the evidence that the agreement was not absolute to furnish such lumber as defendant should order absolutely, but only if they could or had the timber, then that contract would prevail, and there would be no obligation to furnish it unless they could or had the timber."

The demurrers referred to seek to raise the question that the count served on the Mitchell Lumber Company was not the count or complaint under which they were then proceeding, as the party defendant had been changed to the North Birmingham Lumber Company.

ALLEN & BELL, for appellants. The court erred in proceeding without noting the change in the name of the corporation.—*Steiner Bros. v. Stewart*, 134 Ala. 568; *Western Ry. of Ala. v. McCall*, 89 Ala. 375. The record admitted in evidence of the change of name was not the original file, and the statute does not provide for copy in such cases being evidence.—*Hammond v. Blue*, 132 Ala. 337; *Farrow v. Railway*, 109 Ala. 448; *Jones v. Haigler*, 95 Ala. 529. The several counts of the complaint without amendment claimed of the Mitchell Lumber Co.—*Bryant v. So. Ry. Co.*, 137 Ala. 488; *Lawton v. Ricketts*, 104 Ala. 430. The book made by Jack was competent original evidence.—*Bolling v. Fannin*, 97 Ala. 619.

BOWMAN, HARSH & BEDDOW, for appellees. The bill of exceptions cannot be considered, as the order extending the time was made by the court and not by the presiding judge.—Local Laws Jefferson Co. 589; *Moss v. Mosely*, 148 Ala. 168. In the case at bar, there is no mistake whatever about the real defendant, and none

is claimed. No plea in abatement is filed, but defendant does appear, and, after kicking about some immaterial matters, without objecting in the only way authorized by law, to-wit, plea in abatement, proceeds to trial on the merits of the cause.—*Welfley v. Shenandoah, etc., Co.,* 83 Va. 768; *Rex v. Turner,* 1 Leach C. C. 536; *Traver v. 8 Ave. R. R. Co.,* 3 Keyes (N. Y.) 498; *Beavers v. Baucum,* 33 Ark. 722. No harm was done, even if the court was technically incorrect, and, therefore, the action of the court in "proceeding," if error, was without injury.—*Ryan, et al, v. Young,* 147 Ala. 660; *Garth v. Ala. Traction Co.,* 148 Ala. 96; *Huggins v. Sou. Ry. Co.,* 148 Ala. 153; *Dorough v. Harrington, et al.,* 148 Ala. 305; *Roach v. State, ex rel,* 148 Ala. 419; *Saunders v. Tuscumbia R. & P. Co.,* 148 Ala. 519.

DENSON, J.—This is an action of assumpsit, commenced on the 28th day of November, 1906, against the Mitchell Lumber Company, a corporation. On the call of the case for trial on the 7th day of November, 1907, the plaintiffs moved the court that the cause should proceed against the North Birmingham Lumber Company, a corporation, instead of the Mitchell Lumber Company. This motion was based upon the ground that the Mitchell Lumber Company had changed its name to the North Birmingham Lumber Company. In support of the motion it was shown that, in accordance with the statute in such cases made and provided, the name of the defendant was changed from Mitchell Lumber Company to North Birmingham Lumber Company in April, 1906, and upon this proof being made the court ordered and adjudged that the cause should proceed against North Birmingham Lumber Company. The change made in the name of the defendant had no more effect upon its identity as a corporation than a change of the name by a natural person has upon his identity; neither did it effect its rights, nor lessen or add to its obligations

[North Birmingham Lumber Co. v. Sims & White.]

1 Morawetz on Private Corp., 354; *Lomb v. Pioneer Sav. ing & Loan Co.,* 106 Ala. 591, 17 South. 670.

The complaint shows that the contract, the foundation of the suit, was entered into with plaintiffs by the corporation under its original name; and, notwithstanding the action was commenced after the change in name of the defendant was effected, this constituted no legal obstruction to the allowance of the amendment, nor to the order of the court that the cause should proceed against the North Birmingham Lumber Company. While the amendment or order changed the name, it did not, according to the authorities supra, work a change in the party defendant. The defendant, under its new name, was the same entity that made the contract and was originally sued. The effect of the order was to amend the summons and complaint, so as to make the action one against the defendant in its new or changed name. The court holds that there is no error in the order made by the trial court, nor in its judgment overruling the demurrer to the complaint.—*Ex parte Nicrosi,* 103 Ala. 104, 15 South. 507; *Singer, etc., Co. v. Greenleaf,* 100 Ala. 372, 14 South. 109; *Merriam v. Wolcott,* 61 How. Prac. (N. Y.) 377.

For the purpose of showing the change in the corporate name of defendant from Mitchell Lumber Company to that of North Birmingham Lumber Company, the plaintiff offered as evidence the record of the proceedings in the probate court. The defendant in the court below specifically waived the point that a certified copy was not offered, but made a general, undefined objection to the record offered. Record of such proceedings is required to be kept in the office of the judge of probate; a certified transcript having been waived, the record was competent evidence, and the court committed no error in admitting the record offered against the general objection made thereto. Code 1896, §§ 1816, 1819; *Stevenson v. Moody,* 85 Ala. 33, 4 South. 595.

[North Birmingham Lumber Co. v. Sims & White.]

Even granting that the book kept by "Jack" was a book of original entry, kept by him in the usual course of business, yet the evidence shows that the defendant was receiving lumber from other parties than the plaintiffs; and it was not shown that "Jack" knew where the lumber came from, nor was there any evidence tending to show that the entries made in the book were correct. "Jack" was not shown to be dead nor insane, nor beyond the jurisdiction of the court. On the authority of the case of *Bolling v. Fannin,* 97 Ala. 619, 12 South. 59, it must be held that the book was properly excluded.

The seventh ground of error is in this language: "The court erred in giving each of the written charges asked by plaintiffs, and which charges are copied, but not numbered, on page 9 of this transcript. Each one of them separately are assigned as erroneously given." Even if this assignment were sufficient to bring to the attention of the court the matters designated (*Williams v. Coosa Co.,* 138 Ala. 673, 33 South. 1015; *Milner, etc., Co. v. Wiggins,* 143 Ala. 132, 38 South. 1010), yet page 9 of the transcript is no part of the bill of exceptions, and charges not set out in the bill of exceptions—although they may appear elsewhere in the record—will not be reviewed.—*Nuckol's Case,* 109 Ala. 2, 19 South. 504; *Southern Railway Co. v. Jones,* 132 Ala. 437, 442, 31 South. 501; *Alabama, etc., Co. v. Wagnon,* 137 Ala. 388, 34 South. 352; *Lunsford v. Bailey,* 142 Ala. 319, 38 South. 362; *Milner, etc., Co. v. Wiggins, supra.* We find in the bill of exceptions (on pages 27 and 28 of the record) two of the four charges that are set out on page 9; but the court holds that the trial court committed no reversible error in giving these.

No error has been found in the record, and the judgment of the trial court is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.