Arnold v. Wells, 21 N. M. 445.

[No. 1840, February 21, 1916.]
## ARNOLD et al. v. WELLS et al.

### SYLLABUS BY THE COURT.

1. A complaint in an action by a real estate broker for commission under a contract to furnish a purchaser, which alleges that the broker fully performed his contract and found a purchaser, does not sufficiently allege performance.

P. 447

2. Section 4153, Code 1915: "In pleading the performance of a condition precedent in a contract, it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party * * * performed all the conditions on his part * * *"—does not apply where a contract is indefinite or in the alternative, but in such cases the quo modo must be stated.

P. 447

Appeal from District Court, Chaves County; G. A. Richardson, Judge.

Action by C. M. Arnold and another against M. V. Wells and another. From a judgment for plaintiffs, defendants appeal. Reversed.

JAMES A. DYE of Roswell, for appellant.

Broker to recover must allege he was employed to sell property; that he sold it; that he furnished purchaser, and if sale was not made that failure to complete same was caused by fault of principal.

Sullivan v. Milliken, 113 Fed. 93; McGavock v. Woodlief, 20 Howard, (U. S.) 221, 227; Hanan v. Greenfield, (Or.) 58 Pac. 888; Colburn v. Seymour, (Cal.) 76 Pac. 1058; Jacobs v. Shenon, (Idaho) 29 Pac. 44; Lockwood v. Halsey, (Kansas) 21 Pac. 98; Gracelon v. Tibbetts, (Mo.) 24 S. W. 797; Hayden v. Grilow, 26 Mo. App. 289; Reiger v. Bigger, 29 Mo. App. 421; Fraser v. Wyc-

koff, 63 N. Y. 445; Jeidler v. Walker, 41 Mo. App. 118; Wright v. Beach, (Mich.) 46 N. W. 673; Coleman v. Meade, 13 Bush (Ky.) 358; Booth v. Moody, (Or.) 46 Pac. 884; 19 Cyc., p. 274 (c) notes 15-16; Rapalje on Real Estate Brokers, section 74; case note to Lunney v. Healey, 44 L. R. A. 593.

C. O. Thompson and Tomlinson Fort of Roswell, for appellees.

The complaint is sufficient.

Mullen v. Bower, 53 N. E. (Ind.) 790; Miller v. Stevens, 55 N. E. 262; Lunsford v. Bailey, 38 So. 362; sec. 4148 and sec. 4153, Code 1915.

### STATEMENT OF FACTS.

The material allegations of the complaint are:

"(2) That in January, 1914, plaintiffs contracted with M. M. Wells, acting for himself and in behalf of his co-defendant, M. V. Wells, to furnish a purchaser for certain lands and real estate owned by said defendants, in consideration of which said defendants contracted and agreed to give and to pay the plaintiffs the sum of $600.

"(3) That plaintiffs fully performed the conditions and terms of said contract as by them contracted to perform and furnished a purchaser for defendants' said lands."

Defendants demurred to the complaint on the ground that:

"Said complaint fails to allege that the purchaser alleged to have been furnished by plaintiff was one able, ready, and willing to purchase defendants' property at the price and on the terms the property was offered for sale by them, and that, having furnished such purchaser, defendants refused to make the sale, or that a sale of defendants' property was actually consummated to a purchaser furnished by plaintiffs under their alleged contract."

The demurrer was overruled, and, defendants electing to stand on their demurrer, judgment was rendered against them for the amount prayed in the complaint.

Arnold v. Wells, 21 N. M. 445.

## OPINION OF THE COURT.

MECHEM, District Judge (after stating the facts as above)—[1] Mullen v. Bower, 22 Ind. App. 294, 53 N. E. 790, Miller v. Stevens, 23 Ind. App. 365, 55 N. E. 262, and Lunsford v. Bailey, 142 Ala. 319, 38 South. 362, cited by appellees, are to the effect that the allegation "that plaintiffs fully performed the conditions and terms of said contract as by them contracted, and furnished a purchaser for defendants' said lands," is a sufficient averment that a sale was actually consummated between the defendants and the purchaser furnished by the plaintiffs, but we find by the greater weight of authority such an averment is not considered sufficient. See Booth v. Moody, 30 Or. 222, 46 Pac. 884, citing rases: Sullivan v. Milliken, 113 Fed. 93, 51 C. C. A. 79; 8 Ency. Pl. & Pr. 832.

"The rule unquestionably is that, before a real estate broker can recover his commissions, he must allege and prove, either that he was the procuring cause of an actual sale, or that he produced a purchaser ready, able, and willing to purchase upon the terms named by the vendor." Booth v. Moody, supra.

[2] The general averment by plaintiffs, that they performed all the conditions of their contract on their part to be performed and furnished a purchaser for defendants' lands is claimed to be sufficient, in view of section 4153, Code 1915, which provides:

"In pleading the performance of a condition precedent in a contract, it shall not be necessary to state the facts showing such performance, but it may be state generally that the party duly performed all the conditions on his part * * *"

When, however, it is considered that such a contract as this may be performed in more than one way, that it is in the alternative, the statutory rule does not apply. The rule is thus stated in Cyc., vol. 9, p. 723:

"Thus, where the covenant is indefinite or in the alternative, the general averment is not sufficient, but the quo modo must be stated."

The judgment of the lower court is reversed.

ROBERTS, C. J., and PARKER, J., concur.