(78 South. 399)

Ex parte MOBILE LIGHT & R. CO.

MOBILE LIGHT & R. CO. v. THOMAS.

(1 Div. 29.)

(Supreme Court of Alabama. March 23, 1918.)

APPEAL AND ERROR ⊕=713(3)—BILL OF EXCEPTIONS.

Acts 1915, pp. 815, 816, making it unnecessary to set out the charges in the bill of exceptions or to state therein that an exception was reserved to the giving or refusing of charges requested, and providing that it shall be presumed that each charge was separately requested and a separate exception reserved, and that every general charge shall be in writing, merely renders it unnecessary to have the charge, the ruling, and the exception appear in the bill of exceptions if they appear in the record proper, and does not prevent a review on appeal if such matters appear only in the bill of exceptions and not in the transcript as part of the record proper.

Anderson, C. J., dissenting.

Certiorari to Court of Appeals.

Action by Elijah Thomas against the Mobile Light & Railroad Company. Judgment for plaintiff, and defendant appealed to the Court of Appeals, which affirmed the judgment (77 South. 463), and defendant brings certiorari. Judgment of Court of Appeals reversed, and cause remanded.

Harry T. Smith & Caffey, of Mobile, for appellant. Webb, McAlpine & Grove, of Mobile, for appellee.

MAYFIELD, J. This application presents to us the question whether or not the Court of Appeals has properly construed section 5364 of the Code, as last amended by the Legislature. Acts 1915, p. 815. The Court of Appeals held that by virtue of the last amendment, the rulings of the trial court, in the giving or refusing of requested charges or instructions to the jury, cannot be reviewed on appeal, unless they appear in the transcript as a part of the record proper, though they do appear in the transcript as a part of the bill of exceptions. If this be a proper construction of the statute, it is made so by the amendment, because the statute had been theretofore uniformly construed by this court, to the effect that rulings on such charges would not be reviewed on appeal unless both the charges and the rulings thereon were shown by the transcript as a part of the bill of exceptions, although the charge and the ruling thereon did appear in the transcript as a part of the record proper. See numerous annotations to this section of the Code. The statute as now amended provides that:

"It shall not be necessary to set out the charges in the bill of exceptions or state therein that an exception was reserved to the giving or refusing of charges requested, but it shall be presumed that each charge was separately requested and a separate exception reserved as to the giving or refusal thereof. Every general charge shall be in writing, or be taken down by the court reporter as it is delivered to the jury." Acts 1915, pp. 815, 816.

This amendment now unquestionably renders it unnecessary to set out the charges or the rulings thereon, or to show that an exception to the ruling was had or reserved, in case of an appeal; but does it require that they shall appear in the transcript as a part of the record, and not as a part of the bill of exceptions? Are the charges, by virtue of the amendment, now made matter of record proper, as well as the rulings thereon and the exceptions thereto, in the sense that they cannot be shown on appeal except as a part of the record proper, like the indictment, pleas, judgment, etc.? We hold not. The language making the charges themselves, and the rulings thereon, a part of the record proper is not at all changed from that in our present Code and in several preceding Codes. To construe this language as making the indicated matter of record proper, in the sense that an indictment, pleading, or judgment is such would, of course, render the matter improper in a bill of exceptions. As before stated, this court not only held that it was not of record proper in this sense—the sense that it was improper in a bill of exceptions—but held that it could not be reviewed on appeal unless it did appear as a part of the bill of exceptions. This court has always held that this identical language did constitute the charges and the rulings thereon mat-

---

ter of record when in writing, as the statute directed, but not of record proper in the sense that an indictment or judgment is such. It has always held that charges and the rulings thereon, when the statute was observed, did in one sense become a part of the record of the trial court because the statute said so; but it has also held that the rulings on the charges, like motions which were in writing, and actually put on the records in the trial court, could not be reviewed on appeal unless shown by the bill of exceptions. Such charges, when the statute was followed, have always been held to be a part of the record of the trial court, but not a part thereof for review on appeal to this court. In Nuckols v. State, 109 Ala. 2, 4, 19 South. 504, 505, it was said by McClellan, J.:

"A great many charges were refused to the defendant, but they are not incorporated in the bill of exceptions, and the action of the court in refusing them cannot be reviewed by this court. It is quite an error to suppose, as seems to have been the case here, that the indorsement 'given' or 'refused,' with signature of the trial judge, on charges requested, makes them a part of the record for this court. They can be presented here only by incorporation in the bill of exceptions."

In a late case, North Birmingham Lumber Co. v. Sims & White, 157 Ala. 595, 600, 48 South. 84, 85, it is said:

"The seventh ground of error is in this language: 'The court erred in giving each of the written charges asked by plaintiffs, and which charges are copied, but not numbered, on page 9 of this transcript. Each one of them separately are assigned as erroneously given.' Even if this assignment were sufficient to bring to the attention of the court the matters designated (Williams v. Coosa Co., 138 Ala. 673, 33 South. 1015; Milner, etc., Co. v. Wiggins, 143 Ala. 132, 38 South. 1010), yet page 9 of the transcript is no part of the bill of exceptions, and charges not set out in the bill of exceptions, although they may appear elsewhere in the record, will not be reviewed. Nuckol's Case, 109 Ala. 2, 19 South. 504; Southern Railway Co. v. Jones, 132 Ala. 437, 442, 31 South. 501; Alabama, etc., Co. v. Wagnon, 137 Ala. 388, 34 South. 352; Lunsford v. Bailey, 142 Ala. 319, 38 South. 362."

In the case of Alabama Construction Co. v. Wagnon, 137 Ala. 388, 390, 391, 34 South. 352, the language making the charges and the ruling thereon a part of the record, it was said:

"These charges appear in the bill of exceptions, but it does not there appear whether they were given or refused. Section 3328 of the Code * * * requires instructions to a jury requested by either party to be in writing, and declares that they must be given or refused in the terms in which they are written; and that 'it is the duty of the judge to write "Given" or "Refused," as the case may be, on the document, and sign his name thereto,' etc. Barnewall v. Murrell, 108 Ala. 370 [18 South. 833]. It is true that in another part of the record, they are shown to have been 'Refused' in the manner required by the statute; but this can avail nothing since they can be presented here only by being incorporated in the bill of exceptions (Nuckols v. State, 109 Ala. 2 [19 South. 504]), and, of course their refusal must be shown in that way. We cannot presume their refusal, as it is essential that the bill of exceptions affirmatively show that fact."

This court, prior to the last amendment, never held that the charges did not become a part of the record of the lower court, without a bill of exceptions, but, on the contrary, held that they did, but that the rulings thereon could not be reviewed on appeal, unless the charges, the rulings, and the exceptions were shown by the bill of exceptions. See Alabama Great Southern Railroad Co. v. Dobbs, 101 Ala. 281, 12 South. 770; H. A. & B. R. R. Co. v. South, 112 Ala. 642, 20 South. 1003.

Before the present change of the statute, if there was no bill of exceptions, and the charges and the rulings thereon did appear of record, there would be nothing to show which party requested the charge, or that, if given, it was not given with the consent of the appellant, or that he excepted to the giving, or the refusal to give. In other words, it then required a bill of exceptions to show that there was an exception to the ruling. So it appears to us that the change above set out, relied upon by the Court of Appeals, was only intended by the Legislature to render it unnecessary now to have the charge, the ruling, and the exception appear in the bill of exceptions if they appear in the record proper, and not to prevent a review on appeal if the matters appear only in the bill of exceptions.

The change of the statute now creates a presumption that an exception was reserved to each ruling, that the charges were separately requested and separately ruled on, and that a separate exception was reserved to each ruling. Before this change, there was no such presumption to be indulged by the appellate court, and these facts had then to be shown by the bill of exceptions; otherwise the rulings could not be reviewed on appeal, because no exceptions were shown to the rulings, and hence the trial court would presume that they were consented to. Now the statute changes the presumption, and dispenses with the necessity of the bill of exceptions. We find in the amended statute, however, no language which requires the transcript on appeal to show these matters as of record proper, or which prevents the appellate court from reviewing the rulings if the matter does appear in the transcript as a part of the bill of exceptions and not of record proper.

It therefore results that the Court of Appeals erred in its construction as to the effect of this amendment. The writ of certiorari will be awarded in accordance with the prayer of the application; and the judgment of the Court of Appeals reversed, and the cause remanded to that court for further proceedings in accordance with this opinion.

Writ awarded, judgment of Court of Appeals reversed, and cause remanded. All the Justices concur, except ANDERSON, C. J., who dissents.