## MAXWELL v. HOLLAND.

### (No. 2407.   June 14, 1920.)

### SYLLABUS BY THE COURT.

1. Where one is employed to purchase cattle for another at a certain specified commission per head, it is a contract for services to be rendered, and the principle that the agent must be the procuring cause of the sale or purchase has no application.                                    P. 238

2. Where plaintiff is employed to purchase cattle for the defendant at a certain specified commission per head, it is not error in this case to instruct that he can recover his commission if he purchased the cattle for the defendant, or assisted the defendant in purchasing the cattle, because under the facts as shown by the evidence, purchasing for the defendant, or assisting the defendant in purchasing, mean the same thing.
P. 238

Appeal from District Court, Roosevelt County; Bratton, Judge.

Action by Fred L. Maxwell against William Holland, before a justice of the peace. From a judgment of the district court affirming a judgment of a justice of the peace in favor of plaintiff, defendant appeals. Affirmed.

G. L REESE and COMPTON & COMPTON, all of Portales, for appellant.

T. E. MEARS, of Portales, for appellee.

### OPINION OF THE COURT.

RAYNOLDS, J. This action originated in the justice court for Roosevelt county, N. M. The plaintiff, Fred L. Maxwell, alleged that on the ———— day of February, 1918, he and the defendant entered into a contract whereby the defendant employed plaintiff to purchase cattle for him, and that the defendant agreed to pay the plaintiff the sum of $2.50 per head for all cattle which should be purchased by the plaintiff for the defendant under said agreement; that, pursuant to said agreement, the plaintiff purchased 76 head of cattle for the defendant, and the defendant thereby became indebted to his in the sum of $190, said cattle being purchased from one Wortham; that said sum was due the plaintiff, and defendant refused to pay the same.

The defendant's defense was a general denial of the allegations of the complaint. The case was tried in the justice court, and judgment rendered for the plaintiff in the sum claimed. The defendant appealed to the district court of said county, where the case was tried by a jury and resulted in a verdict for the plaintiff. From judgment on this verdict the defendant appeals to this court.

The evidence was conflicting. Both plaintiff and defendant were present when the cattle were purchased from Wortham. Plaintiff testified that he purchased the cattle for defendant; that defendant paid for them with his (defendant's) check; that defendant was not present at plaintiff's request, but had joined plaintiff on his way to buy the cattle. The defendant denied employing plaintiff to purchase the cattle in question. The

witness Wortham testified that he did not know to whom he was selling; plaintiff or defendlant; that they conferred apart and after conferring would make him an offer for his cattle. There was evidence that defendant had said plaintiff was a good close buyer and that he relied on his judgment. The making of this statement was denied by defendant.

Appellant, defendant below, assigns among other errors the giving by the trial judge of the following instruction:

"You are instructed that the plaintiff's cause of action in this action is a claim made by him for compensation for services rendered to the defendant in connection with the purchase of yearlings or live stock for the defendant, and that, to entitle the plaintiff to recover herein, you must believe from the evidence in the case that the plaintiff purchased the yearlings for the defendant, or assisted the defendant in purchasing the Wortham yearlings, and that such services, if any, were rendered pursuant to and as contemplated in the contract."

Appellant also assigns as error the failure of the court to give the following instruction:

"The court instruct the jury that the plaintiff's cause of action in this case is a claim made by him for compensation by way of commission upon the purchase of yearlings or live stock for the defendant by the plaintiff, and that, to entitle the plaintiff to recover such commission, or any compensation on account of such purchase of cattle, the jury must believe from the evidence in the case that the plaintiff purchased the Wortham yearlings for the defendant, or was the procuring cause of such purchase, and that such services were performed by the plaintiff under a contract with the defendant to pay commission for such services."

The two assignments may be treated together. Appellant argues that the appellee, plaintiff below, acted as a broker in the purchase of the cattle, and that, unless the plaintiff was the procuring cause of the purchase of the property in question, he cannot recover. He cites and quotes from the case of Arnold v. Wells, 21 N. M. 445, 155 Pac. 724, where the following language is used:

"The rule unquestionably is that, before a real estate broker can recover his commissions, he must allege and prove, either that he was the procuring cause of an actual sale, or that he

produced a purchaser ready, able, and willing to purchase upon the terms named by the vendor."

(**1**)   The requested instruction was properly refused. The principle of "procuring cause of the sale," as the words are used, in the cases, has no application to a suit of this kind.   Plaintiff was not a middleman, a go-between or a broker, whose duty it was to bring buyer and seller together so that they might negotiate with each other nor to negotiate with the seller and arrive or   attempt to   arrive   at   a   satisfactory   agreement so   that   the   defendant   would   purchase.   He was employed as a purchasing agent to buy cattle for the defendant, using his own judgment, and authorized to pay for the cattle himself, or to check on the defendant's account for such purchases.   The contract or agreement was a contract for services for which he was to be paid when he had performed them.

(**2**)   The instruction given by the court was correct as applied to the facts in this case.   It is urged that the phrase "assist the defendant to purchase" introduces an element into the plaintiff's contract which is not justified·by the pleadings or proof.   The argument is plausible, but does not apply to this particular transaction in which both plaintiff and defendant were present and the negotiations were carried on by the plaintiff.   The defendant's presence was immaterial.   The plaintiff could have recovered when the cattle was purchased by him for the defendant.   He and the defendant purchased the cattle for the defendant.   While the phrase "assist the defendant to buy" is inapt and ordinarily has a much broader meaning than buying for the defendant, as applied to this transaction, it means the same thing, that is, under the peculiar facts of this case, assisting the defendant to buy meant that he was present, conducted the negotiations, made the offer, and had it accepted.   It means no more than that he worked with the defendant in purchasing the cattle, although, incidentally, it might be said that he assisted the defendant to buy.   The phrase in this particular case under the evidence was not misleading or incorrect.   It introduces no new element

in the contract and did not tend to lead the jury away from the real issue.  If there had been a substantial conflict in the evidence as to what took place at the time of the purchase, the phrase "assisting the defendant to purchase" might then refer to collateral matters, and thus broaden the terms of the contract or agreement. But there is little conflict in the evidence as to what took place.  The defendant allowed the plaintiff to trade for him, did not trade independently of the plaintiff, took the benefit of the plaintiff's services, and worked with him to purchase the cattle with his assistance.  The instruction therefore as applied to the particular facts of this case was not erroneous.

There are other assignments of error as to the admission and exclusion of evidence, which we have examined and find without merit.

As there is no error in the record, the cause is therefore affirmed, and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.