**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE COCHRAN FIRM, P.C., an Alabama corporation, | No. 13-55502 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 2:12-cv-05868-SJO-MRW |
| v. | MEMORANDUM* |
| THE COCHRAN FIRM LOS ANGELES, LLP, a California Limited Liability Partnership, | |
| Defendant, | |
| And | |
| RANDY H. MCMURRAY, P.C., a California professional corporation; RANDY H. MCMURRAY, individually, | |
| Defendants-counter-claimants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 3, 2014
Pasadena, California

Before: PREGERSON and BERZON, Circuit Judges, and AMON, Chief District Judge.[**]

Appellants appeal the district court's order granting Appellee's motion for a preliminary injunction. Because the parties are familiar with the factual background and procedural history of this case, we need not discuss them here. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we reverse and remand.

**1.** At the outset, we reject Appellants's argument that Appellee lacks standing to bring this suit. When an Alabama corporation changes its name, it does not alter its legal entitlements or obligations. *See, e.g.*, *N. Birmingham Lumber Co. v. Sims & White*, 48 So. 84, 85 (Ala. 1908); Richard Thigpen, *Alabama Corporation Law* § 3:5 (4th ed.). That Appellee filed this suit in a name it had mistakenly failed to register with the Alabama Secretary of State is thus entirely irrelevant to its constitutional standing, especially given that it subsequently assumed the name in which this suit was filed.

**2.** "The district court's grant of a preliminary injunction is reviewed for abuse of discretion and should be reversed if the district court based its decision on

[**]    The Honorable Carol Bagley Amon, Chief District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

2

an erroneous legal standard or on clearly erroneous findings of fact." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1119 (9th Cir. 2009) (internal quotation marks omitted).

The district court did not abuse its discretion in concluding that Appellee was likely to demonstrate that it owns The Cochran Firm trademark. Appellee submitted evidence that the trademark was registered and that its subsequent assignment to Appellee was recorded, thereby providing prima facie evidence that the mark is valid and that the assignment was duly executed. *See* 15 U.S.C. §§ 1115(a), 1060(a)(3). Appellants have not rebutted that prima facie evidence.

Appellants argue on appeal that the assignment was to an entity that had not yet been formally registered with the Alabama Secretary of State. But Appellants did not advance this argument before the district court, and did not assemble a sufficient record on the question to permit our full evaluation of it. What evidence we have of the assignment manifests an intent to assign the trademark to Appellee, notwithstanding any technical deficiency.

**3.** Notwithstanding Appellee's successful defense of the district court's conclusion that it is likely to demonstrate ownership of the trademark, we must remand for the district court to augment the record and to reconsider Appellants's unclean hands argument. *See Fed. Trade Comm'n v. Enforma Natural Prods.,*

3

*Inc.*, 362 F.3d 1204, 1212 (9th Cir. 2004).  Unclean hands is a defense to trademark infringement suits.  *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987).  The rationale behind this defense is that, "when the owner of a trade-mark applies for an injunction . . . it is essential that the plaintiff should not in his trade-mark . . . be himself guilty of any false or misleading representation."  *Clinton E. Worden & Co. v. Cal. Fig Syrup Co.*, 187 U.S. 516, 528 (1903).  To make out an unclean hands defense, a trademark defendant "must show that [the] plaintiff used the trademark to deceive consumers."  *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 870 (9th Cir. 2002). "[A]pplication of the unclean hands doctrine raises primarily a question of fact." *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989).

Before the district court, Appellants argued that Appellee's "business structure and advertising violate[] numerous statutes, rules of professional conduct, and other ethical standards designed to protect the public, including those involving fee-splitting, advertising, client confidentiality, and conflicts of interest." The district court, however, "d[id] not find the structure of [Appellee's] business to be relevant to this action."  That conclusion was incorrect.

The structure of Appellee's business is important in assessing whether Appellee has unclean hands.  Specifically, Appellee may be misusing the

4

trademark to deceive the public into believing it is a single, national firm, when in fact it is a network of separate partnerships. Because the record before us does not provide sufficient information about the relationships both between Appellee and the local offices, or between Appellee and the public, we remand to the district court to determine whether Appellee has unclean hands in its use of the Cochran Firm trademark. The district court shall keep the preliminary injunction in place while it examines this issue.

**4.** "Because false or misleading commercial statements aren't constitutionally protected," enjoining such speech "rarely raise[s] First Amendment concerns." *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 829–30 (9th Cir. 2011) (internal citations omitted). Here, however, the injunction is worded so broadly that it forbids McMurray from truthfully representing himself as one of the late Johnnie Cochran's law partners. For example, Paragraphs 1, 2, and 5 of the injunction prohibit McMurray from revealing that past affiliation in a curriculum vitae or biographical statement on his firm's website. Although the injunction carves out an exception for at least some representations that McMurray "was a former attorney with the Cochran Law Firm," that exception is not broad enough to cover representations that McMurray was not only a former attorney at the firm, but also was held out to the public as a partner of Johnnie Cochran. "The

district court was required to tailor the injunction so as to burden no more protected speech than necessary." *Id.* at 830. We direct it to do so on remand.

**REVERSED AND REMANDED**.